UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JAMES MALLORY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 20-065-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| SGT. BURTON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff James Mallory is a pretrial detainee currently confined at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. Proceeding without an attorney, Mallory has filed a civil rights action against prison officials pursuant to 42 U.S.C. § 1983. [Record No. 1] The Court granted Mallory's motion to proceed without prepayment of the filing fee by separate Order. [Record No. 10]

The Court now conducts a preliminary review of Mallory's Complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court evaluates Mallory's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). However, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). A Complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555.

The allegations contained in Mallory's Complaint are set forth in a somewhat rambling and disjointed narrative and are not entirely clear. However, from what the Court is able to ascertain, Mallory first alleges that on February 5, 2020, Defendant Sgt. Burton (identified as "Sgt. Burton 3rd Shift") "illegally" woke him up and handcuffed him so tight that his wrists began to turn purple and blue. [Record No. 1] After Mallory sought for a nurse, Sgt. Burton would not allow the responding nurse to give Mallory medication for pain. [*Id*.]

The remainder of Mallory's Complaint lodges various other claims of general harassment by Burton, including assertions Burton refused to get an audio camera; threw away numerous legal documents; refused to take Mallory to (F) Unit after Mallory requested 20 times; searched Mallory's cell; threatened to throw Mallory into the "hole" for months; told Mallory to stop sleeping with his mattress on the ground; and stated that he was going to treat Mallory like "Django," (a reference to a slave in a movie). [*Id*.] He also claims that, after

Mallory requested to call his attorney, Burton falsely claimed that Mallory's phone call was *not* to Mallory's lawyer in an attempt to improperly impose two weeks of phone restrictions on him. [*Id.*] Mallory further claims that he has asked to speak to FCDC Director Steve Haney and Assistant Director Mike Harold Byrne, but they will not respond to his grievances. [*Id.*] Claiming that these circumstances constitute "cruel and unusual punishment" and that Burton has used "retaliation tactics" against him, Mallory has filed this lawsuit against Burton, Haney and Byrne in their official and individual capacities. [*Id.*]

Although Mallory does not specify the constitutional provisions that he claims have been violated, the Court will liberally construe his references to retaliation and "cruel and unusual punishment" to implicate the First and Eighth Amendments. However, his claims against the Defendants in their respective official capacities will be dismissed. An "official capacity" claim against a government official is not a claim against the officer arising out of his conduct as an employee of the government but is actually a claim directly against the governmental agency which employs him. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Thus, to the extent that Mallory seeks to bring claims against the defendants in their "official" capacities as employees of the Lexington-Fayette Urban County Government ("LFUCG"), such claims are construed as civil rights claims against the LFUCG.

But Mallory does not assert that any of the Defendants' actions were taken pursuant to an established policy of the LFUCG. Because a county or municipal government is only

responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Mallory points to no such policy in his Complaint; thus, these claims will be dismissed for failure to state a claim. *Id.*; *Bright v. Gallia County, Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels.'"); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Turning to Mallory's claims against the defendants in their individual capacities, the Court finds that Mallory's allegation that Burton's treatment of Mallory was in retaliation for grievances filed by Mallory in violation of the First Amendment requires a response before this matter may proceed further. In addition, a response from Burton is required to Mallory's Eighth Amendment claim, but only to the extent that his claim is based on his allegations that, on February 5, 2020, Burton put handcuffs on him so tight that it cut off circulation to his wrist, then refused to let Mallory be treated by the nurse. The remainder of Mallory's claims will be dismissed without prejudice for failure to state a claim.

To the extent that Mallory's Eighth Amendment claims against Burton are based on his allegations of Burton's verbal harassment of Mallory, including threats to throw Mallory "in the hole" and a discriminatory remark directed toward Mallory, "[e]xtreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth

Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987). Indeed, it is well-established that verbal abuse or general harassment by a prison guard does not constitute cruel and unusual punishment in violation of the Eighth Amendment. *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding harassment and verbal abuse, while "shameful and utterly unprofessional ... [they] do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Ivey*, 832 F.2d at 955. For these reasons, Mallory's claims that Burton acted with general animus towards Mallory are insufficient to state an Eighth Amendment claim.

Moreover, to the extent that Mallory seeks relief based on his allegations of damage to his personal property (including documents and/or photographs), claims for deprivation of property are not actionable under § 1983. A plaintiff does not allege a viable due process claim based on either the negligent deprivation of personal property, *see Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 328 (1986), or the intentional but unauthorized, deprivation of property, *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990), unless state court remedies are inadequate to redress the wrong. *See Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *Geiger v. Prison Realty Trust, Inc.*, 13 F. App'x 313, 315-16 (6th Cir. 2001) (finding that the prisoner failed to allege a due process claim based on the alleged theft of his personal property where he did not demonstrate that his state court

remedies were inadequate). To assert such a claim, the plaintiff must both plead and prove that state remedies for redressing the wrong are inadequate. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). Here, Mallory has failed to allege that available state remedies are inadequate to redress his property deprivation. Thus, this claim based on these allegations will be dismissed. *See Meadows v. Gibson*, 855 F.Supp. 223, 225 (W.D. Tenn. 1994)(dismissing such a claim as frivolous).

To the extent that Mallory's allegation that Burton threw away Mallory's legal documents suggest an attempt to assert a First Amendment claim based on the interference with his access to the courts, Mallory's allegations are insufficient to state a claim. To state a claim for denial of access to the courts, a plaintiff must show actual injury to a nonfrivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 353–355 (1996). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). *See also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("Plaintiffs must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim."). Here, Mallory does not describe any particular legal claim that he was hindered or prevented from asserting because Burton allegedly threw away Mallory's legal documents, thus he fails to adequately allege an access-to-courts claim. *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (adequate pleading of access-to-courts claim requires allegation of actual injury to specific claim, allegation of the facts and the law in the underlying claim, and demonstration that underlying claim was non-frivolous) (citing

*Christopher v. Harbury*, 536 U.S. 403, 415 (2002)); *Clark v. Johnston*, 413 F. App'x 804, 812 (6th Cir. 2011).

Finally, the Court will dismiss Mallory's claims against FCDC Director Haney and Assistant Director Byrne for failure to state a claim. Mallory alleges that the "higher officials" (Byrne and Haney) are not doing anything to stop Mallory's issues with Burton from continuing and "the grievance procedures are being abuse[d]." [Record No. 1 at p. 5] However, under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, for a supervisor to be held liable under § 1983, he or she must have personal involvement in the alleged unconstitutional conduct in order to be held liable for the conduct about which the plaintiff complains. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that a defendant acted in a supervisory capacity is not enough: *respondeat superior* (vicarious liability) is not an available theory of liability in a § 1983 action. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). In addition, to the extent that Mallory's claims are based on his allegation that either Haney or Byrne failed to adequately respond to his complaints or grievances, prison officials are not liable under § 1983 for denying or failing to act on grievances. *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008). *See also Nwaebo*, 100 F. App'x 367, 369 (6th Cir. 2004) (citing *Shehee,* 199 F.3d at 300).

Because Mallory fails to allege that either of Haney or Byrne were personally involved in the alleged violations of Mallory's constitutional rights, his claims against these defendants will be dismissed without prejudice.

In summary, after conducting a preliminary review of Mallory's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, the Court finds that a response is required from Burton in his individual capacity only with respect to the following claims: 1) retaliation in violation of the First Amendment; and 2) Mallory's Eighth Amendment claim based allegations that, on February 5, 2020, Burton placed overly-tightened handcuffs on Mallory and refused to allow Mallory to be treated by a nurse. Mallory's remaining claims, including his claims made against the defendants in their official capacities, will be dismissed without prejudice. FCDC Director Haney and Assistant Director Byrne will be dismissed as defendants to this action.

Because Mallory is proceeding *in forma pauperis*, the United States Marshals Service ("USMS") will serve the summons and Complaint on Mallory's behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Mallory's First Amendment retaliation claim and Eighth Amendment claim based on the allegations specified above against Defendant Sgt. Burton (3rd Shift) in his individual capacity **REMAIN PENDING** and will be served in accordance with the instructions below.

2. The remainder of Mallory's complaint [Record No. 1], including all claims made against the defendants in their official capacities, is **DISMISSED WITHOUT PREJUDICE**.

3. FCDC Director Steve Haney and FCDC Assistant Director Mike Harold Byrne are **DISMISSED** as defendants.

4. The Lexington Deputy Clerk shall prepare a "Service Packet" for service upon Defendant Sgt. Burton (3rd Shift). The Service Packet shall include:

    a. a completed summons form;

    b. the Complaint [Record No. 1];

    c. the Order granting Mallory *in forma pauperis* status [Record No. 10];

    d. this Order; and

    e. a completed USM Form 285.

5. The Lexington Deputy Clerk shall send the Service Packet to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

6. The USMS shall personally serve the Service Packet upon Defendant Sgt. Burton (3rd Shift) at the Fayette County Detention Center, 600 Old Frankfort Circle, Lexington, Kentucky 40510.

7. Mallory must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

8. If Mallory wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Mallory files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

Dated: March 18, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky